SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   SEP 1 0 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ANTHONY FAHME on behalf of himself and
all other similarly situated consumers

                 Plaintiff,

    -against-


CAINE & WEINER COMPANY, LLC.

               Defendant.

-----------------------------------------------------------

**CV-12 4517**

**JOHNSON, J.**

**BLOOM, M.J.**

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Anthony Fahme seeks redress for the illegal practices of Caine & Weiner Company, LLC. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant is a foreign limited liability complany with its principal place of business located in Illinois.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Anthony Fahme*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about March 17, 2012, Caine & Weiner called for Anthony Fahme from the number of 716-633-0235.

11. When the Plaintiff answered the call, an automated prerecorded voice stated: "All our representative are currently assisting other customers, if you wish to continue to hold please press one..."

12. The call failed to identify the company calling as a debt collector attempting to collect a debt.

13. Upon information and belief, the said message was pre-recorded.

14. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

15. The said telephone message is in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the message was from a debt collector which constitutes a

-2-

deceptive practice.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

16. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs one (1) through fifteen (15) as if set forth fully in this cause of action.

17. This cause of action is brought on behalf of Plaintiff and the members of a class.

18. The class consists of all persons whom Defendant's records reflect resided in New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed without setting forth that the communication was from a debt collector substantially similar to the one left for the Plaintiff; and (c) the Plaintiff asserts that the telephone message was in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11).

19. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A) Based on the fact that a form telephonic message is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

-3-

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

20.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

21.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

22.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

-4-

## *Violations of the Fair Debt Collection Practices Act*

23.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt

Collection Practices Act.

24.     Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff

and the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against

the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. §

1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this

action; and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
September 6, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

-5-

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

-6-